1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID SOTO,

11           Petitioner,           No. CIV S-04-1432 LKK DAD P

12       vs.

13   EDWARD S. ALAMEIDA, et al.,

14           Respondents.          FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On February 8, 2005, respondents filed a renewed motion

18   to dismiss the petition as untimely.[1]  Petitioner has not filed any opposition to that motion and it

19   is now before the court for decision.  At issue is whether petitioner's habeas petition was timely

20   filed based upon application of the mailbox rule set forth in Houston v. Lack, 487 U.S. 266

21   (1988) .

22   /////

23

24        [1] On August 27, 2004, respondents filed their first motion to dismiss the petition as
     barred by the statute of limitations.  On February 4, 2005, findings and recommendations were
     issued recommending that the motion be denied without prejudice to the motion being renewed if
25   supported by documents establishing the date the petition was delivered to prison authorities for
     mailing.  On March 31, 2005, the assigned district judge adopted those findings and
26   recommendations.

1

1      The following chronology was set forth in the court's findings and

2  recommendations filed on February 4, 2005.

3          1.  Following a jury trial that resulted in his conviction, on August 17, 2001,

4  petitioner was sentenced in the Sacramento County Superior Court to an indeterminate aggregate

5  prison term of 82 years to life for first degree murder (Cal. Penal Code § 187(a)), with

6  enhancements for use of a firearm (Cal. Penal Code § 12022.53(d)) and prior prison terms (Cal.

7  Penal Code §§ 667(a) & 667.5(b)).

8          2.  Petitioner filed a direct appeal to the California Court of Appeal for the Third

9  Appellate District.  The judgment of conviction was affirmed on February 3, 2003, with an order

10  modifying the abstract of judgment to correct a clerical error.

11          3.  On February 7, 2003, petitioner filed a petition for review with the California

12  Supreme Court.  The petition was summarily denied on April 9, 2003.

13          4.  The judgment became final on  July 8, 2003.  See Bowen v. Roe, 188 F.3d

14  1157 (9th Cir. 1999) (holding that when a petitioner has sought direct review of the judgment of

15  conviction with the California Supreme Court, the period of direct review includes the 90-days

16  within which a petitioner can file a petition for a writ of certiorari with the United States

17  Supreme Court, whether or not the petitioner actually files such a petition).

18          5.  Petitioner did not file any state habeas petitions.

19          6.  On July 21, 2004, petitioner's federal habeas petition was filed in this court.

20      In the findings and recommendations issued February 4, 2005, the court

21  determined that petitioner's habeas petition was signed on July 4, 2004 but that the record was

22  unclear as to the date the petition was delivered to prison authorities for mailing.  The court noted

23  that if the petition was delivered to prison authorities for mailing prior to July 8, 2004, under the

24  Houston mailbox rule, the petition would be timely filed.

25      In support of their renewed motion to dismiss, respondents have submitted to the

26  court the mail log maintained at Salinas Valley State Prison which indicates that in on two

2

1    occasions in July of 2004, petitioner delivered legal mail addressed to the District Court to prison

2    authorities for mailing.  (Resp.'t's lodged document #1, lodged on 2-9-05.)  According to the

3    prison mail logs, petitioner had legal mail sent out only on July 16 and July 20, 2004.  (Id.)

4    Respondents have also submitted the declaration a Maribel Lopez, supervisor of the mail room at

5    Salinas Valley State Prison, in support of their motion.  (Resp.'t's lodged document #2, lodged

6    on 2-9-05.)  Ms. Lopez states that pursuant to the prison's standard mail procedures had

7    petitioner delivered legal mail to prison staff on July 4, 2004, it would have been mailed to the

8    court by the prison no later than July 6, 2004.  (Id. at 1-2.)  Based upon the mail logs and the

9    declaration of Ms. Lopez, respondents argue that the petition filed with this court was submitted

10   to prison officials for mailing no earlier than July 14, 2004 and that the statute of limitations had

11   expired at least six days earlier thus rendering the petition time barred.

12          The prison mail log submitted by respondents in support of their motion is

13   consistent with the dates of petitioner's filings with this court.  The prison mail log indicates that

14   petitioner's outgoing legal mail was sent on July 16, 2004.  The court's records establish that five

15   days later, on July 21, 2004, the habeas petition was received in this court and filed.[2]  The prison

16   mail log establishes that petitioner also had outgoing legal mail sent on July 21, 2004.   The

17   court's records establish that petitioner's application to proceed in forma pauperis was received

18   by the court and filed on July 23, 2004.  Despite having placed the date of July 4, 2004 on the

19   signature line of his petition, there is no record which even suggests that petitioner delivered his

20   habeas petition to prison authorities for mailing prior to July 8, 2004.  The mail logs submitted

21   by respondents appear to preclude that possibility.  Finally, petitioner has not provided any

22   opposition to respondents' renewed motion.

23   /////

24   /////

25

26   [2]  The court was closed over the weekend of Saturday, July 17, 2004 and Sunday, July 18, 2004.

3

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Respondents' renewed motion to dismiss, filed on February 8, 2005, be

3    granted; and

4    2.  This action be dismissed as barred by the statute of limitations.

5    These findings and recommendations are submitted to the United States District

6    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

7    days after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10   shall be served and filed within five days after service of the objections.  The parties are advised

11   that failure to file objections within the specified time may waive the right to appeal the District

12   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13   DATED: August 3, 2005.

14

15   _____
     DALE A. DROZD
16   DAD:4                               UNITED STATES MAGISTRATE JUDGE
     soto1432.mtd2

17

18

19

20

21

22

23

24

25

26