IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SOTO,

    Petitioner,             No. CIV S-04-1432 LKK DAD P

    vs.

EDWARD S. ALAMEIDA, et al.,

    Respondents.        ORDER

_____/

        On August 3, 2005, the court filed findings and recommendations recommending that respondent's renewed motion to dismiss, filed on February 8, 2005, be granted and that this action be dismissed as barred by the statute of limitations. On August 15, 2005, petitioner filed objections to those findings and recommendations.[1] The court will order respondents to file a reply to the objections.

        In the findings and recommendations referred to above, the court determined that petitioner's judgment became final on July 8, 2003, and that for this action to have been timely petitioner would have had to deliver his habeas petition to prison authorities for mailing prior to

---

[1] Petitioner did not file a proof of service with his objections. It is possible that respondents have not received a copy of the objections. In any event, no reply to the objections has been filed by respondents.

July 8, 2004 under the mailbox rule set forth in Houston v. Lack, 487 U.S. 266 (1988).  In his objections, plaintiff contends that during the week of July 4, 2004, he put his habeas petition in an envelope, placed a trust account withdrawal and money order form on the envelope and gave it to correctional officer Lazardo who is a "library law officer staff."  (Object. at 3.)  Petitioner also contends that he was "very surprize [sic] when my habeas corpus was return to me from the institution trust account stating I dident [sic] have any fun[d]s in my account.  But trust account had send [sic] me back with my habeas corpus a[n] application to proceed in forma pauperis stamp and dated. [sic]  I just needed to put my signature."  (Id.)

It is not clear whether, in taking the steps described above, petitioner complied with the institution's procedures for mailing legal documents to the court.[2]  Therefore, the court will order respondents to file a reply to petitioner's objections.  In their reply, respondents must address the factual allegations set forth in the objections, explain whether petitioner followed proper mail procedures, whether his legal mail was delivered to the appropriate correctional staff for mailing, whether there are any logs to record the receipt by correctional staff of legal mail for mailing and whether the trust account office properly returned petitioner's legal mail to him, rather than mailing it.  Respondents may provide copies of relevant logs or prison procedures with their reply.

Accordingly, IT IS HEREBY ORDERED that on or before September 12, 2005, respondents shall file a reply to petitioner's objections as specified above.

DATED: August 29, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
soto1432.reply

---

[2] Petitioner indicates that he was placed in solitary confinement sometime around July 4, 2004, and suggests that there may be different mail procedures for prisoners held in such confinement.